AO 91 (Rev. 11/11) Criminal Complaint

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUN 20 2013

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

SEALED

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America<br>v.<br><br>Michael Lee Fullmore<br>a/k/a Michael Fuller<br><br>Defendant(s) | )<br>)  Case No. 1:13MJ184<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 2012 to June 2013__ in the county of __Russell and Wythe__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(a)(5) | Transfer firearm to person who does not reside in state of transferor |
| 18 USC 922(d)(1) | Dispose of firearm to prohibited person |
| 18 USC 922(e) | Shipping firearm in interstate commerce without proper notification to carrier |
| 18 USC 922(k) | Shipping firearm in interstate commerce with an obliterated or removed serial number |
| 21 USC 841 | Distribution of Schedule I controlled substance |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_/s/ Timothy Paul Burke_
Complainant's signature

Timothy Paul Burke, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 6/20/13

_/s/ Pamela Meade Sargent_
Judge's signature

City and state: Abingdon, VA

Pamela Meade Sargent, US Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

## I. INTRODUCTION

I, Timothy Paul Burke (affiant) am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed in this capacity for more than twenty-six years. Having been duly sworn, I provide the following information in support of a CRIMINAL COMPLAINT charging MICHAEL LEE FULLMORE, a twenty-nine (29) year old male resident of Claxton Georgia with purchasing firearms for, disposing, and delivering them to, a known prohibited person, shipping a firearm in interstate commerce, removing or obliterating the serial number from a firearm, and selling firearms and marijuana, in violation of Title 18, United States Code, Section 922; and Title 21, United States Code, Section 841.

FULLMORE, his wife, and their juvenile son reside at 150 Stanfield Lane, Claxton, Georgia, 30417. This location is in Evans County, Georgia further identified as being in the Southern Judicial District of Georgia. The firearms and drug trafficking allegations above were done by FULLMORE with an FBI Confidential Human Source (CHS) who resides in the Western District of Virginia.

The facts set forth herein are based upon many sources including but not limited to your affiant's personal observations, reports and information provided to your affiant by other law enforcement officials, consensual recordings made with Subject FULLMORE by the CHS, statements of the CHS, and obtained records. Your affiant does not purport to set forth all of your affiant's knowledge of the investigation into this matter, but sets forth sufficient facts for this Court to find that probable cause exists to believe that MICHAEL LEE FULLMORE, hereinafter identified as FULLMORE, committed the alleged offenses described in this AFFIDAVIT.

## II. STATUTORY AUTHORITY

This investigation concerns alleged violations of 18 U.S.C. § 922, and 21 U.S.C. § 841, specifically relating to FULLMORE illegally purchasing firearms for, disposing, and delivering them to, a known prohibited person, illegally shipping a firearm in interstate commerce, removing or obliterating the serial number from a firearm, and selling firearms and marijuana.

Under Title 18 U.S.C. § 922(a)(5), it is a federal crime for any person to knowingly transfer a firearm to a person who the transferor knows does not reside in the state in which the transferor resides.

Under Title 18 U.S.C. § 922(a)(6), it is a federal crime for any person to make a false or fictitious statement regarding any fact material to the lawfulness of the sale or disposition of a firearm.

Under Title 18 U.S.C. § 922(d)(1), it is a federal crime for any person to dispose of a firearm to a person knowing said person has been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, commonly referred to as "a convicted felon."

1

Title 18 U.S.C. § 922(e) prohibits a person from knowingly delivering or causing to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm without written notice to the carrier that such firearm or ammunition is being transported or shipped.

Title 18 U.S.C. § 922(k) prohibits a person from knowingly transporting, shipping, or receiving, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or, altering or possessing or receiving any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

Title 21 U.S.C. § 841 prohibits a person from distributing or possessing with the intent to distribute a controlled substance.

### III. **FACTS AND CIRCUMSTANCES OF THE INVESTIGATION**

During 2012 and 2013, CHS made multiple trips to FULLMORE's residence in Claxton, Georgia for the purpose of obtaining information regarding FULLMORE's criminal activities and for the purpose of obtaining firearms from FULLMORE. On each occasion, CHS stayed with FULLMORE at FULLMORE's home.

On or about August 3, 2012, CHS traveled with FULLMORE to Pawn City pawn shop in Claxton, Georgia. While in the business, CHS pointed out a Cobra .380 caliber pistol. CHS indicated that CHS would like to have the pistol. FULLMORE took money from CHS and purchased the pistol for CHS. FULLMORE executed a Department of the Treasury, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that that FULLMORE was the actual buyer of the firearms indicated on the Form 4473, when in fact as FULLMORE knew at that time, FULLMORE was not the actual buyer of the Cobra .380 pistol. FULLMORE gave the pistol to CHS in the parking lot of the pawn shop before getting into their car. FULLMORE knew at the time of the purchase that CHS was a convicted felon, namely, that CHS had been previously convicted of a crime punishable by a term of imprisonment exceeding more than one year and therefore was prohibited from purchasing or possessing a firearm. Closed Circuit Television (CCTV) video recordings from the store corroborate this transaction. An agent from the Atlanta Division of the FBI collected this pistol from CHS in Georgia.

On or about October 4, 2012, FULLMORE and CHS traveled to a Pawn City pawn shop located in Statesboro, Georgia. There, FULLMORE purchased a Hi Point .45 caliber handgun and a Jimenez Arms .25 caliber handgun. The purchase of the handguns was recorded by the pawn shop's video cameras and an audio recording device concealed by CHS. The handguns were purchased with the intent of CHS selling the guns for a profit and sharing the money with FULLMORE. In the conversation recorded by CHS, FULLMORE encouraged CHS to sell the firearms to convicted felons so they could make a larger profit. Subsequent to the purchase of the firearms in Georgia, FULLMORE drove CHS and the firearms to the Western District of Virginia. Thereafter, and outside of FULLMORE's presence, CHS provided the two handguns to your affiant.

2

During November of 2012, CHS made a series of recorded conversations with FULLMORE in which they discussed the sale of a semi automatic AK-47 rifle from FULLMORE to CHS. In these conversations, FULLMORE stated that he would grind the serial number off the firearm, and ship the firearm via UPS to the CHS. FULLMORE further stated that he would disassemble the rifle and ship it in a box with other items to disguise the fact that it was a firearm. After receiving payment for the firearm from CHS, FULLMORE, using the alias MICHAEL FULLER, shipped the disassembled rifle via UPS from Statesboro, Georgia to Bristol, Virginia. CHS, under the supervision of your affiant, retrieved the firearm from the UPS store in Bristol, Virginia. The packaging of the firearm was consistent with FULLMORE's description and an inspection of the firearm showed that the serial numbers had been removed and/or obliterated from the firearm.

During February 2013, FULLMORE travelled from Georgia to the Western District Virginia and met with the CHS based on a plan developed with the CHS regarding the sale of firearms and illicit drugs to a third-party known to the CHS. On or about February 8, 2013, CHS and FULLMORE drove to Fort Chiswell, Virginia, in the Western District of Virginia, where they met an undercover law enforcement officer. CHS introduced the undercover officer as a friend whom CHS met in prison. FULLMORE delivered an Olympic Arms AR-15 rifle, a Cobra Arms .380 caliber pistol and a small amount of marijuana to the undercover officer. Marijuana is a Schedule I controlled substance. The sale of the firearms and marijuana had been previously arranged by CHS. CHS sent payment for the items via MoneyGram wire transfer to FULLMORE prior to FULLMORE's departure from Georgia. FULLMORE transported these firearms via automobile from Georgia to the Western District of Virginia. Law enforcement officers, including your affiant participated in a surveillance of the firearms and drug transactions that day.

## IV. **CONCLUSION**

The above is made in support of a CRIMINAL COMPLAINT charging MICHAEL LEE FULLMORE with purchasing firearms for, and delivering them to a known convicted felon, shipping a firearm in interstate commerce, transferring a firearm to a person who does not reside in the same state as the transferor, removing and obliterating the serial number from a firearm, in violation of Title 18, United States Code, Section 922, and distribution of marijuana, in violation of Title 21, United States Code, Section 841. Under penalty of perjury, I swear the above facts are true and correct.

*Timothy Paul Burke*
Timothy Paul Burke, SA-FBI

Sworn and subscribed before me this 20th day of June, 2013

*Pamela Meade Sargent*
Honorable Pamela Meade Sargent
United States Magistrate Judge

3